# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| LINDA CAREY, ELIZABETH OKAKPU and BIKRAMJIT MATHAUN, <br><br>individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>PHYSICIAN TECHNOLOGY PARTNERS, LLC, <br>Defendant. | Civil Action No. _____ <br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br>**JURY TRIAL DEMAND** |

Plaintiffs Linda Carey ("Carey"), Elizabeth Okakpu ("Okakpu") and Bikramjit Mathaun ("Mathaun") (collectively, "Plaintiffs") through their undersigned counsel, individually and on behalf of all others similarly situated, file this Class and Collective Action Complaint against Defendant Physician Technology Partners, LLC ("Defendant" or "PTP"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania and Massachusetts state law. Plaintiffs allege that they and other similarly situated consultants did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

1

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since Defendant has its principal place of business within this judicial district, in Beavercreek, Ohio, and a substantial part of the events giving rise to Plaintiffs' and Class Members' claims occurred within this judicial district. Plaintiffs and other Class Members performed work for PTP in Columbus, Ohio, in this judicial district, and were paid pursuant to PTP's unlawful pay policy in this judicial district, and PTP routinely conducts business in this judicial district.

## PARTIES

4. Plaintiff Linda Carey ("Carey") is an individual residing in Naples, Florida. Carey worked for Defendant as a consultant providing support and training to PTP's clients in using a new recordkeeping system at hospitals in Massachusetts, Ohio and Pennsylvania between March 2015 and January 2016. Pursuant to 29 U.S.C. § 216(b), Carey has consented in writing to participate in this action. *See* Exhibit A.

5. Plaintiff Elizabeth Okakpu ("Okakpu") is an individual residing in Roswell, Georgia. Okakpu worked for Defendant as a consultant providing support and training to PTP's clients in using a new recordkeeping system at hospitals in Oklahoma, North Carolina, Washington and Ohio between April 2014 and 2015. Pursuant to 29 U.S.C. § 216(b), Okakpu has consented in writing to participate in this action. *See* Exhibit B.

6. Plaintiff Bikramjit Mathaun ("Mathaun") is an individual residing in Northfield, Ohio. Mathaun worked for Defendant as a Consultant providing support and training to PTP's clients in using a new recordkeeping system at hospitals in Massachusetts, North Dakota, North Carolina, Washington and Ohio between December 2014 and October 2015. Pursuant to 29 U.S.C. § 216(b), Mathaun has consented in writing to participate in this action. *See* Exhibit C.

7. Defendant Physician Technology Partners, LLC ("Defendant" or "PTP") is a corporation providing information technology educational services for the healthcare industry across the country. PTP maintains its corporate headquarters in Beavercreek, Ohio and is incorporated in Ohio.

8. PTP employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. PTP's annual gross volume of sales made or business done exceeds $500,000.

**CLASS DEFINITIONS**

10. Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential FLSA opt-in litigants:

> All individuals who performed consulting work for Physician Technology Partners, LLC ("Defendant" or "PTP"), in the United States from June 13, 2014 to the present (the "FLSA Class").

11. Plaintiff Carey brings Count II of this lawsuit pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class:

> All individuals who performed consulting work for Physician Technology Partners, LLC ("Defendant" or "PTP"), in Pennsylvania from June 13, 2014 to the present (the "Pennsylvania Class").

12. Plaintiffs Carey and Mathaun bring Count III of this lawsuit pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> All individuals who performed consulting work for Physician Technology Partners, LLC ("Defendant" or "PTP"), in Massachusetts from June 13, 2014 to the present (the "Massachusetts Class").

13. The FLSA Class and the Pennsylvania and Massachusetts Classes are together referred to as the "Classes."

14. Plaintiffs reserve the right to redefine the Classes prior to notice and class certification, and thereafter, as necessary.

**FACTS**

15. As a leading healthcare information technology firm, PTP provides training and support to medical facilities in connection with the implementation of new electronic recordkeeping systems. PTP employs consultants, such as Plaintiffs, who perform such training and support services throughout the United States.

16. PTP's financial results are significantly driven by the number of consultants performing training and support services for PTP's customers, and the fees that PTP charges the customers for these services.

17. Between March 2015 and January 2016, Carey was assigned by PTP to provide educational and support services to healthcare staff at Lahey Hospital in Burlington, Massachusetts; Ohio Health in Columbus, Ohio; SouthCoast Medical Centers in Boston, Massachusetts; and St. Luke's Hospital in Allentown, Pennsylvania.

18. Between July 2014 and 2015, Okakpu was assigned by PTP to provide educational and support services to healthcare staff at St. Francis Hospital in Tulsa, Oklahoma; University of North Carolina; CHI Franciscan Hospital in Seattle, Washington; and Ohio Health in Columbus, Ohio.

19. Between December 2014 and November 2015, Mathaun was assigned by PTP to provide educational and support services to healthcare staff at South Coast Hospital in Fall River, Massachusetts; St. Alexius Medical Center in Bismarck, North Dakota; Caro Mount

Regional Medical Center in Gastonia, North Carolina; Ohio Health in Columbus, Ohio; CHI Franciscan Hospital in Tacoma, Washington; and University of North Carolina.

20. Plaintiffs were paid solely on a straight hourly basis for hours over forty and were paid only for the time billed to PTP's customers, NOT for all overtime hours actually worked.

**Plaintiffs and Members of the Classes Routinely Worked in Excess of 40 Hours a Week**

21. Plaintiffs and Members of the Classes routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

22. Plaintiffs and Members of the Classes were often required to work twelve (12) hours a day, seven (7) days a week.

23. For instance, while working for PTP in Tulsa, Oklahoma, in July 2014, Okakpu and the other consultants worked, on average, twelve (12) hours a day, seven (7) days a week. Okakpu was paid only a straight hourly rate during this time.

24. Although Plaintiffs and Members of the Classes frequently were required, permitted, or encouraged to work more than forty (40) hours per week, PTP failed to pay them one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week, as required by the FLSA and Pennsylvania and Massachusetts law.

25. Instead, Plaintiffs and Members of the Classes were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week. Plaintiffs and Members of the Classes were not paid on a salary basis.

**Plaintiffs and Members of the Classes are not Exempt "Computer Employees" under the FLSA**

26. Plaintiffs and Members of the Classes provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiffs have no specialized training

5

or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiffs and Members of the Classes were not working as, nor were they similarly skilled as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

27. Plaintiffs' and Class Members' primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow." Plaintiffs' and Class Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs and Members of the Classes did not analyze, consult or determine hardware, software programs or any system functional specifications for PTP's clients. *See id.*

28. Plaintiffs and Members of the Classes did not consult with PTP's customers to determine or recommend hardware specifications. Plaintiffs and Members of the Classes did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

29. While Plaintiffs' and Class Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and Members of the Classes provided support and training in using electronic recordkeeping systems to PTP's clients.

**PTP Willfully Violated the FLSA**

30. PTP and its senior management had no reasonable basis to believe that Plaintiffs

and the members of the FLSA Class were exempt from the requirements of the FLSA. Rather, PTP either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay overtime to Plaintiffs and the FLSA Class. Such willfulness is demonstrated by, or may be reasonably inferred from, PTP's actions and/or failures to act, including the following:

a. At all times relevant hereto, PTP maintained payroll records which reflected the fact that Plaintiffs and the FLSA Class did, in fact, regularly work in excess of 40 hours per week, and thus, PTP had actual knowledge that Plaintiffs and the FLSA Class worked overtime;

b. At all times relevant hereto, PTP knew that it did not pay Plaintiffs and the FLSA Class one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

c. As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, PTP was aware of the nature of the work performed by its consultants, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by PTP's clients, providing basic training and support;

d. As evidenced by its own job offer letters and training materials for consultants, PTP knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e. At all times relevant hereto, PTP was aware that its consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the

design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f. PTP lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, PTP deliberately misclassified its consultants as exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

g. At all times relevant hereto, PTP was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiffs and the FLSA Class one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h. Thus, PTP had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying its consultants as exempt.

31. Based upon the foregoing, PTP was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

32. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

33. Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

34. Plaintiffs and the FLSA Class Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to PTP's common business and compensation practices as described herein, and, as a result of such

practices, have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, PTP's common misclassification, compensation and payroll practices.

35. Specifically, PTP did not compensate Plaintiffs and the FLSA Class one-and-a-half (1 ½) times the regular rate for hours worked over forty (40) in a workweek.

36. The similarly situated employees are known to PTP, are readily identifiable, and can easily be located through PTP's business and human resources records.

37. PTP employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

38. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

39. Plaintiff Carey brings Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Pennsylvania Class defined above.

40. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

41. Plaintiff Carey will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff Carey and those

9

of the Pennsylvania Class, and Plaintiff Carey's claims are typical of the claims of the Pennsylvania Class. Plaintiff Carey's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

42. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether PTP has violated and continues to violate Pennsylvania law through its policy or practice of not paying its hourly workers overtime compensation.

43. Plaintiff Carey's claims are typical of the claims of the Pennsylvania Class Members in the following ways, without limitation: (a) Plaintiff Carey is a member of the Pennsylvania Class; (b) Plaintiff Carey's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff Carey's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff Carey and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiff Carey are similar to the injuries suffered by the Pennsylvania Class Members.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class Members.

45. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class Members are readily identifiable from PTP's own records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class Members that would establish incompatible standards of conduct for PTP.

46. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class Members, while substantial, are not great enough to enable them to maintain separate suits against PTP.

47. Without a class action, PTP will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Carey and the Pennsylvania Class. Plaintiff Carey envisions no difficulty in the management of this action as a class action.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

48. Plaintiffs Carey and Mathaun bring Count III of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Massachusetts Class defined above.

49. The members of the Massachusetts Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Massachusetts Class.

50. Plaintiffs Carey and Mathaun will fairly and adequately represent and protect the interests of the Massachusetts Class because there is no conflict between the claims of Plaintiffs Carey and Mathaun and those of the Massachusetts Class, and Plaintiffs' claims are typical of the

claims of the Massachusetts Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

51. There are questions of law and fact common to the proposed Massachusetts Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether PTP has violated and continues to violate Massachusetts law through its policy or practice of not paying its hourly workers overtime compensation.

52. Plaintiffs Carey and Mathaun's claims are typical of the claims of the Massachusetts Class Members in the following ways, without limitation: (a) Plaintiffs Carey and Mathaun are members of the Massachusetts Class; (b) Plaintiffs Carey and Mathaun's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Massachusetts Class; (c) Plaintiffs Carey and Mathaun's claims are based on the same legal and remedial theories as those of the Massachusetts Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs Carey and Mathaun and the Massachusetts Class Members; and (e) the injuries suffered by Plaintiffs Carey and Mathaun are similar to the injuries suffered by the Massachusetts Class Members.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Massachusetts Class predominate over any questions affecting only individual Class Members.

54. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Massachusetts Class Members are readily identifiable from PTP's own records. Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying adjudications with respect to individual Massachusetts Class Members that would establish incompatible standards of conduct for PTP.

55. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Massachusetts Class Members, while substantial, are not great enough to enable them to maintain separate suits against PTP.

56. Without a class action, PTP will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs Carey and Mathaun and the Massachusetts Class. Plaintiffs Carey and Mathaun envision no difficulty in the management of this action as a class action.

### COUNT I
### FLSA – Overtime Wages
### (On Behalf of Plaintiffs and the FLSA Class)

57. All previous paragraphs are incorporated as though fully set forth herein.

58. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

59. PTP is subject to the wage requirements of the FLSA because PTP is an "employer" under 29 U.S.C. § 203(d).

60. At all relevant times, PTP has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

61. During all relevant times, Plaintiffs and the FLSA Class Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

62. Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

63. Plaintiffs and the FLSA Class Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

64. PTP, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Class members for all their overtime hours worked by misclassifying Plaintiffs and the FLSA Class as exempt from the requirements of the FLSA.

65. PTP knowingly failed to compensate Plaintiffs and the FLSA Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

66. In violating the FLSA, PTP acted willfully and with reckless disregard of clearly applicable FLSA provisions.

67. In violating the FLSA, on information and belief, PTP did not have any good faith basis to rely on any legal opinion or advice to the contrary.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**
**(Brought on Behalf of Plaintiff Carey and the Pennsylvania Class)**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

70. PTP is subject to the overtime requirements of the PMWA because PTP is an employer under 43 P.S. § 333.103(g).

71. During all relevant times, Plaintiff Carey and the Pennsylvania Class members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

72. PTP's compensation scheme that is applicable to Plaintiff Carey and the Pennsylvania Class members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.41.

73. The PMWA does not contain an exemption from overtime pay for any type of computer employees. *See* 43 P.S. § 333.105.

74. PTP failed to compensate Plaintiff Carey and the Pennsylvania Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

75. Pursuant 43 P.S. § 333.113, employers, such as PTP, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
### Violation of Massachusetts Wage Laws
**(Brought on Behalf of Plaintiffs Carey and Mathaun and the Massachusetts Class)**

76. All previous paragraphs are incorporated as though fully set forth herein.

77. The Massachusetts Overtime Law does not contain an exemption from overtime pay for any type of computer employees. *See* Mass. Gen. L. c. 151 § 1A.

78. Defendant's conduct, as set forth above, in failing to pay Plaintiffs and class members overtime wages which they earned as a result of their employment violates the

Massachusetts overtime law, Mass. Gen. L. c. 151 §§ 1, 1A. This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

79. Pursuant to the requirements of Mass. Gen. L. c. 149, § 150, Plaintiffs have filed administrative complaints with the office of the Massachusetts Attorney General. The Attorney General's office issued a right to sue letter on June 5, 2017.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the Members of the Classes:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Massachusetts Class;

e. Appointing Plaintiffs' attorneys as Class Counsel;

f. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

g. Liquidated damages to the fullest extent permitted under the law;

h. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

i. Such other and further relief as this Court deems just and proper.

Dated: June 26, 2017

Respectfully submitted,

/s/ *Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
BARKAN MEIZLISH, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
bderose@barkanmeizlish.com

David M. Blanchard*
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com

Sarah R. Schalman-Bergen (PA 206211)*
Eric Lechtzin (PA 62096)*
Camille Fundora (PA 312533)*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
sschalman-bergen@bm.net
elechtzin@bm.net
cfundora@bm.net

Harold Lichten (Mass. BBO # 549689)*
Olena Savytska (Mass. BBO # 693324)*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

*Attorneys for Plaintiff
and the Proposed Classes*

*\*Application for admission to be filed*