# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | |
|---|---|
| LINDA CAREY, ELIZABETH OKAKPU and BIKRAMJIT MATHAUN, individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>PHYSICIAN TECHNOLOGY PARTNERS, LLC, <br><br>Defendant. | Case No. 3:17-CV-00213-TMR <br><br>District Judge: Thomas M. Rose |

## FLSA COLLECTIVE ACTION SETTLEMENT AGREEMENT

1. This FLSA Collective Action Settlement Agreement ("Settlement Agreement", "Settlement" or "Agreement") is entered into between Plaintiffs Linda Carey, Elizabeth Okakpu, and Bikramjit Mathaun (collectively, "Plaintiffs"), individually and on behalf of the FLSA Collective Members as defined below, and Defendant Physician Technology Partners, LLC ("PTP" or "Defendant"), subject to the approval of the Court. Plaintiffs and Defendant are referred to collectively as the "Parties."

### RECITALS AND BACKGROUND

2. Plaintiffs filed the above-captioned lawsuit in the United States District Court for the Southern District of Ohio on June 26, 2017, alleging that PTP misclassified its consultants as independent contractors and denied them overtime compensation when they worked more than 40 hours in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. On November 14, 2017, the Parties requested the Court's approval to participate in mediation and to stay the proceedings. (ECF No. 23.) The Parties agreed that the statute of limitations on Plaintiffs' and potential FLSA Collective Members' FLSA and state law claims would be tolled during the stay period.

4. On February 6, 2018, the Parties participated in a full day in-person mediation in Boston, Massachusetts, before an experienced mediator, Mark Irvings, Esq. Prior to the mediation, PTP provided Plaintiffs' Counsel with electronic time-keeping and payroll records for the FLSA Collective Members, which Plaintiffs' Counsel reviewed and analyzed.

5. As a result of the mediation, the Parties agreed to settle Plaintiffs' and participating FLSA Collective Members' FLSA and state law claims according to the terms of

1

this Settlement Agreement.

6. Plaintiffs' Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in this lawsuit. In agreeing to this Settlement Agreement, Plaintiffs have considered: (a) the facts developed during the mediation process and the law applicable thereto; (b) the risks of continued litigation; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiffs have concluded that the terms of this Settlement Agreement are fair and reasonable, and that it is in the best interests of Plaintiffs and the FLSA Collective Members to settle their claims against PTP as set forth herein.

7. PTP denies the allegations in this lawsuit and that it misclassified any consultants at any time, and further denies any liability for the alleged failure to pay overtime compensation. PTP is entering this Agreement to eliminate the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by PTP of any fault, liability, or wrongdoing, which PTP expressly denies.

8. The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) is met with respect to the FLSA Collective Members as defined below. Should this Settlement not be approved by the Court and become final, PTP's stipulation to conditional certification shall become null and void.

9. In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows.

## DEFINITIONS

10. The following terms used in this Agreement have the following meanings:

    a. "Action" means the above captioned lawsuit.

    b. "Approval Order" means the Order attached hereto as Exhibit A approving the terms and conditions of this Agreement, as may be modified by the Court.

    c. "Claim Deadline" means the date sixty (60) days after the Notice Package is initially mailed by the Settlement Administrator to the FLSA Collective Members.

    d. "Claim Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

    e. "Court" means the United States District Court for the Southern District of Ohio.

    f. "Defendant" means Physician Technology Partners, LLC.

    g. "Defendant's Counsel" means Littler Mendelson, P.C. and Conn Kavanaugh Rosenthal Peisch & Ford, LLP.

    h. "Eligible Collective Member" means: (i) Plaintiffs; (ii) Opt-In Plaintiffs who return a valid Claim Form; and (iii) FLSA Collective Members who return a valid Claim Form.

    i. "Effective Date" means the first business day after the Court's Approval Order becomes non-appealable (*i.e.*, 30 days after the Entry of Judgment if there is no appeal).

    j. "FLSA Collective" or "FLSA Collective Members" means Plaintiffs, Opt-In Plaintiffs, and all persons who were classified as independent contractors while performing consulting work for Physician Technology Partners, LLC at any time between November 14, 2014 and December 24, 2015, and who worked over 40 hours in a workweek during that time period. The Parties agree that there are 492 members of the FLSA Collective and Plaintiffs have relied on this data which was produced by PTP during the mediation process in agreeing to the Settlement.

    k. "Gross Settlement Amount" means the sum of One Million Dollars ($1,000,000.00), which shall be the maximum amount PTP shall pay to settle this Action as set forth herein.

    l. "Named Plaintiffs" or "Plaintiffs" means Linda Carey, Elizabeth Okakpu, and Bikramjit Mathaun.

    m. "Net Settlement Amount" means the Gross Settlement Amount less: (i) Five Thousand Dollars ($5,000) for each of the three Plaintiffs for their efforts in bringing and prosecuting this matter ("Service Awards"); (ii) Plaintiffs' Counsel's attorneys' fees not to exceed one-third (1/3) of the Gross Settlement Amount, plus Plaintiffs' Counsel's out-of-pocket costs not to exceed Fifteen Thousand Dollars ($15,000); and (iii) the Settlement Administrator's costs of administering this Settlement, not to exceed Thirty Thousand Dollars ($30,000). All of these amounts are to be approved by the Court in its Approval Order.

    n. "Notice of Settlement" means the Notice of FLSA Collective Action Settlement substantially in the form as Exhibit C attached hereto or as approved by the Court.

    o. "Notice Package" means the Notice of Settlement and the Claim Form.

    p. "Opt-In Plaintiffs" means the FLSA Collective Members who at the time of the Court's Approval Order already filed an Opt-In Consent Form with the Court.

    q. "Parties" means Plaintiffs and PTP.

    r. "Plaintiffs' Counsel" means Berger & Montague, P.C., Lichten & Liss-Riordan, P.C., and Blanchard & Walker PLLC.

    s. "Released Claims" means all local, state, and federal wage and hour claims that accrued during the Eligible Collective Member's work with PTP as an independent contractor between November 14, 2014 and December 24, 2015, including claims for unpaid wages, overtime, liquidated damages, penalties, interest, attorneys' fees and costs, and claims derived from the alleged failure to pay overtime wages during that period.

    t. "Released Parties" means Physician Technology Partners, LLC, and all of its parent companies, subsidiaries, affiliates, business units, members, shareholders, and its predecessors and successors, officers, directors, agents, employees, and assigns.

    u. "Relevant Time Period" means November 14, 2014 through December 24, 2015.

    v. "Settlement Administrator" means Angeion Group, LLC.

    w. "Settlement Award" means the payment that each Eligible Collective Member shall be entitled to receive pursuant to the terms of this Agreement.

## RELEASES

  11. In exchange for the consideration set forth in this Settlement Agreement, Plaintiffs and all Eligible Collective Members agree to release the Released Claims against the Released Parties. FLSA Collective Members who do not submit a Claim Form shall release no claims against the Released Parties.

## NOTICE AND SETTLEMENT IMPLEMENTATION

  12. Within fourteen (14) days after execution of this Settlement Agreement, Plaintiffs shall file a Motion for Approval of FLSA Collective Action Settlement with the Court, attaching a copy of this Agreement. The Motion will request that the Court approve the Settlement Agreement and stay further proceedings until thirty (30) days following the Claim Deadline to permit the issuance of the Notice Packages to the FLSA Collective Members, and the collection and filing of redacted Claim Forms with the Court.

  13. The Settlement Administrator, to be approved by the Court in its Approval Order, shall be responsible for preparing, printing and mailing the Notice Package to all FLSA Collective Members as follows:

    a. Within five (5) business days after the Court's Approval Order, PTP shall provide the Settlement Administrator, in electronic form, for all FLSA Collective Members, their names and most current addresses, telephone numbers, email addresses, and social security numbers, as that information exists in PTP's records (the "Collective List"). Without the prior written consent of PTP, the Collective List shall not be disclosed to anyone other than PTP's counsel and the Settlement Administrator. PTP will provide Plaintiffs' counsel with a list of employee ID numbers for all persons on the Collective List, which ID numbers will also be included on the Claim Form in case an FLSA Collective Member contacts Plaintiffs' Counsel to inquire about the Settlement. On a weekly basis during the administration of the Settlement, the Settlement Administrator will provide both Plaintiffs' Counsel and PTP's counsel with copies of all submitted Claim Forms.

    b. Within ten (10) business days after receipt of the Collective List, the Settlement Administrator shall prepare and send the Notice Package to each FLSA Collective Member. The Notice of Settlement (*see* Exhibit C hereto) shall summarize and describe the nature of the litigation and the Settlement, including the calculated amount of the FLSA

4

Collective Member's *pro rata* share of the settlement based upon tenure and overtime hours worked with PTP as an independent contractor between November 14, 2014 and December 24, 2015. Specifically, the Settlement Administrator shall apply the following objective formula that takes into account the tenure and payroll records of each FLSA Collective Member during the Relevant Time Period:

    i.    For each overtime hour worked during the Relevant Time Period, each FLSA Collective Member shall receive one (1) settlement share, except that, in recognition of the greater legal protections provided by Massachusetts law that provide for greater damages than in other states (*i.e.*, treble damages), for each overtime hour worked in Massachusetts, each FLSA Collective Member shall receive one and a half (1.5) settlement shares.

    ii.    The total number of settlement shares for all FLSA Collective Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each FLSA Collective Member's number of settlement shares to determine each FLSA Collective Member's Settlement Award.

    c.    The Settlement Administrator shall deliver the Notice Package by First Class U.S. Mail with an enclosed, postage-paid return envelope to each FLSA Collective Member, and shall also deliver the Notice Package by email with the ability to return the Claim Form utilizing Docusign or a similar electronic signature service. Prior to mailing, the Settlement Administrator shall use the National Change of Address Database to update any addresses. Any Notices returned undeliverable shall be skip-traced by the Settlement Administrator (using the person's social security number) to attempt to obtain a new address and shall be re-mailed by First Class Mail to any new addresses that are found. A reminder Notice Package and reminder email shall be sent by the Settlement Administrator 30 days after the initial mailing to those who have not yet submitted a Claim Form. FLSA Collective Members shall have until the Claim Deadline to submit their Claim Form which must be either postmarked by, or received on or before, the Claim Deadline ("Claim Period"). FLSA Collective Members may submit their Claim Forms via regular mail, email, facsimile, or electronic signature service such as DocuSign. To the extent any mailed Notice is returned as undeliverable, such person shall be permitted at least forty-five (45) days from any re-mailing of the Notice to submit their Claim Form ("Re-mailing Claim Period"), but in no event later than thirty (30) days after the close of the Claim Period. The Parties agree to accept any late-returned Claim Forms if they are returned no later than thirty (30) days after the close of the Claim Period.

    d.    The Named Plaintiffs do not have to submit a Claim Form to receive a Settlement Award.

14.    Five (5) business days after the Claim Deadline, the Settlement Administrator shall provide Plaintiffs' Counsel and Defendant's Counsel with copies of all Claim Forms submitted by FLSA Collective Members. Plaintiffs' Counsel will be responsible for filing redacted Claim Forms, evidencing consent to join the Action by FLSA Collective Members

participating in the settlement, with the Court. Following the filing of the Claim Forms, the Parties will jointly request that the Court dismiss the Action with prejudice and direct the entry of judgment.

## SETTLEMENT FUNDS AND DISTRIBUTION

15. Within five (5) business days after the Approval Order, PTP shall electronically transfer the Gross Settlement Amount to an interest bearing escrow account identified by the Settlement Administrator. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Gross Settlement Amount, as set forth below.

16. Subject to the Court's Approval Order, each of the three Named Plaintiffs shall receive a Service Award of $5,000 for their efforts in bringing and prosecuting this matter, and shall be issued a Form 1099 for these payments, which shall be made by the Settlement Administrator within five (5) business days after the Effective Date.

17. Subject to the Court's Approval Order, Plaintiffs' Counsel shall receive attorneys' fees of one-third (1/3) of the Gross Settlement Amount, in compensation for all work performed to date as well as all work remaining to be performed in the Action, including but not limited to documenting the Settlement, ensuring it is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Plaintiffs' Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court's Approval Order, not to exceed $15,000. These payments of attorneys' fees and costs shall be made by the Settlement Administrator within five (5) business days after the Effective Date.

18. The Settlement Administrator's fees and costs as approved by the Court's Approval Order shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the fees and costs of the Settlement Administrator.

19. All Settlement Awards to Eligible Collective Members as set forth shall be reported on an IRS Form 1099 and shall not be subject to FICA and FUTA withholding taxes. The Settlement Administrator shall mail all Settlement Awards to Eligible Collective Members within thirty (30) days after the Effective Date or as soon as practicable. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties.

20. If there is any money remaining in the Net Settlement Amount because it is not claimed by FLSA Collective Members, it shall be returned by the Settlement Administrator to PTP, because with the exception of the Named Plaintiffs who release their claims by execution of this Agreement, FLSA Collective Members who do not participate in the Settlement by submitting a Claim Form shall release no claims against the Released Parties. PTP shall not receive back the cost of issuing notice and other Settlement Administrator fees and costs if the Settlement does not become effective.

21. All Settlement Award checks to Eligible Collective Members shall remain negotiable for 180 days from the date they are issued, and shall be accompanied by a cover letter when they are sent to Eligible Collective Members by the Settlement Administrator explaining as

such. When 90 days of that 180 day check-cashing period has expired, the Settlement Administrator will mail and email a reminder letter to any Eligible Collective Members who have not yet cashed their checks to inform them of the 180 day deadline. During the last 45 days of the 180 day check-cashing period, the Settlement Administrator will call Eligible Collective Members who have not yet cashed their checks, following a script approved by defense counsel to inform them of the 180 day deadline. If working telephone numbers do not exist, the Settlement Administrator will use any available email addresses for the same purpose. At any point in the check-cashing period, the Settlement Administrator shall have the authority to stop payment on a lost check and issue a new check to an Eligible Collective Member upon request. In the event that there are any remaining funds attributable to uncashed Settlement Award checks that are not deposited or cashed within the 180 day period, these funds shall escheat to the applicable state governmental body pursuant to state law without the need to wait for the conclusion of any state dormancy period. Any failure of an Eligible Collective Member to deposit a check shall not affect the enforceability of the Release pursuant to this Agreement.

## MISCELLANEOUS

22. **No Retaliation.** PTP will not take any adverse action against any FLSA Collective Member on the grounds that he/she is eligible to participate or does participate in the Settlement and submits a Claim Form, and shall not discourage any person from submitting a Claim Form.

23. **Continuation of Tolling Agreement.** The Parties' Tolling Agreement executed on November 14, 2017 shall remain in effect until the Effective Date as if it was never terminated by PTP, but if the Settlement reaches the Effective Date, the provisions of the Parties' Tolling Agreement and the tolling of any statute of limitations shall not apply to any FLSA Collective Member who does not opt in and submit a Claim Form.

24. **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by PTP of any fault, liability, or wrongdoing.

25. **Defendant's Legal Fees.** PTP's legal fees and expenses in this Action shall be borne by PTP.

26. **Effect of Non-Approval.** If (a) the Court does not approve the Settlement as provided herein; or (b) the Settlement does not reach the Effective Date for any reason; the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

27. **Public Statement.** Neither the Parties nor their counsel shall communicate with the media about the Action.

28. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

29. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

30. **Entire Settlement Agreement.** This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

31. **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Mark Irvings, Esq., to resolve such disagreement.

32. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiffs, Defendant, Opt-In Plaintiffs, and the Eligible Collective Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

33. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile, email, and electronic signature. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

34. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

35. **Governing Law.** This Settlement Agreement shall be governed by and interpreted according to Ohio law.

36. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

*Linda Sue Carey*
_____ Date: June 05, 2018
Linda Carey

*E. Okakpu*
_____ Date: June 5th, 2018
Elizabeth Okakpu

*Bikramjit Mathaun*
_____ Date: June 04, 2018
Bikramjit Mathaun

**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

_____ Date: June __, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

*Harold L. Lichten* (Digitally signed by Harold L. Lichten, DN: cn=Harold L. Lichten, o=Lichten & Liss-Riordan, P.C., ou, email=hlichten@llrlaw.com, c=US, Date: 2018.06.05 14:31:33 -04'00')
_____ Date: June 5, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____ Date: June __, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300

9

35. **Governing Law.** This Settlement Agreement shall be governed by and interpreted according to Ohio law.

36. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____  Date: June __, 2018
Linda Carey

_____  Date: June __, 2018
Elizabeth Okakpu

_____  Date: June __, 2018
Bikramjit Mathaun

**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

6/5/2018
_____  Date: June __, 2018
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

_____  Date: June __, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____  Date: June __, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300

9

35. **Governing Law.** This Settlement Agreement shall be governed by and interpreted according to Ohio law.

36. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____  Date: June __, 2018
Linda Carey

_____  Date: June __, 2018
Elizabeth Okakpu

_____  Date: June __, 2018
Bikramjit Mathaun

**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

_____  Date: June __, 2018
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

_____  Date: June __, 2018
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____  Date: June 5, 2018
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300

9

Ann Arbor, MI 48104

**DEFENDANT:** _____ Date: June 4, 2018
Physician Technology Partners, LLC

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____ Date: June 4, 2018
Andrew J. Voss
John H. Lassetter
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402

H. Devon Collins
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215

_____ Date: June 4, 2018
Mary E. O'Neal
Thomas J. Gallitano
CONN KAVANAUGH
ROSENTHAL PEISCH & FORD, LLP
One Federal Street, 15th Floor
Boston, MA 02110

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | |
|---|---|
| LINDA CAREY, ELIZABETH OKAKPU and BIKRAMJIT MATHAUN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PHYSICIAN TECHNOLOGY PARTNERS, LLC, <br><br> Defendant. | Case No. 3:17-CV-00213-TMR <br><br> District Judge: Thomas M. Rose |

### NOTICE OF FLSA COLLECTIVE ACTION SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY.
IT AFFECTS YOUR RIGHTS TO RECEIVE MONETARY COMPENSATION.**

You received this Notice of FLSA Collective Action Settlement ("Notice") because you are an FLSA Collective Member in the above-captioned case. The term "FLSA Collective Member" means all persons who were classified as independent contractors while performing consulting work for Physician Technology Partners, LLC ("PTP") at any time between November 14, 2014 and December 24, 2015 (the "Relevant Time Period"), and who worked over 40 hours in a workweek during that time period.

Because you fit this definition, **you are entitled to receive money from a Settlement. Your Settlement Award is estimated to be $INSERT as set forth in more detail below.**

### 1. Why Should You Read This Notice?

This Notice explains your right to share in the monetary proceeds of this Settlement. The United States District Court for the Southern District of Ohio has already approved the Settlement as fair and reasonable.

12

| 2. | What Is This Case About? |

This lawsuit alleges that individuals who performed consulting work for PTP between November 14, 2014 and December 24, 2015 were misclassified as independent contractors and therefore were not paid overtime compensation to which they were entitled under the law when they worked over 40 hours in a workweek. PTP denies these allegations but has agreed to settle the lawsuit to avoid the burden, expense and inconvenience of continued litigation.

On _____, 2018, the Court approved the Settlement as fair and reasonable and authorized that this Notice be sent to you so that you could participate.

| 3. | What Is The Amount Of The Settlement? |

PTP has agreed to pay One Million Dollars ($1,000,000.00) to settle this lawsuit (the "Gross Settlement Amount"). Deductions from this amount will be made for attorneys' fees of one-third of the Gross Settlement Amount ($333,333.33), reimbursement of Plaintiffs' Counsel's out-of-pocket costs up to $15,000, settlement administration costs up to $30,000, and service awards of $5,000 for each of the three Named Plaintiffs. After these deductions, the remaining amount of $INSERT (the "Net Settlement Amount") is available to pay Settlement Awards to the Plaintiffs and all FLSA Collective Members who sign and return the enclosed Claim Form ("Eligible Collective Members").

**PLEASE SIGN AND RETURN THE ENCLOSED CLAIM FORM TO RECEIVE YOUR SETTLEMENT AWARD.**

| 4. | How Will The Net Settlement Amount Be Distributed And How Much Will I Receive? |

The Settlement Administrator has applied the following objective formula that takes into account the tenure and payroll records of each FLSA Collective Member during the Relevant Time Period:

    i.    For each overtime hour worked during the Relevant Time Period, each FLSA Collective Member shall receive one (1) settlement share, except that, in recognition of the greater legal protections provided by Massachusetts (*i.e.*, treble damages), for each overtime hour worked in Massachusetts, each FLSA Collective Member shall receive one and a half (1.5) settlement shares.

    ii.    The total number of settlement shares for all FLSA Collective Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each FLSA Collective Member's number of settlement shares to determine each FLSA Collective Member's Settlement Award.

According to PTP's records, the application of the above formula means that your Settlement Award is estimated to be **[INSERT]**.

13

All Settlement Awards shall be reported on an IRS Form 1099 and it is your responsibility to pay whatever taxes are owed. If you receive a Settlement Award, you will have 180 days to cash or deposit your Settlement Award check. If at the conclusion of the 180-day check-cashing period you have not cashed or deposited your check, the funds shall escheat to the applicable state governmental body pursuant to state law without the need to wait for the conclusion of any state dormancy period.

**It is your responsibility to keep your current mailing address on file with the Settlement Administrator to ensure receipt of your Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

### 5. What Claims Am I Releasing?

Eligible Collective Members who sign and return the enclosed Claim Form shall release all local, state, and federal wage and hour claims that accrued during the Eligible Collective Member's work with PTP as an independent contractor between November 14, 2014 and December 24, 2015, including claims for unpaid wages, overtime, liquidated damages, penalties, interest, attorneys' fees and costs, and claims derived from the alleged failure to pay overtime wages during that period.

Please note that if you do not sign and return the Claim Form, you will release no claims.

### 6. How Do I Submit My Claim Form?

You may return the Claim Form to the Settlement Administrator by mail, email, facsimile, or electronic signature, at:

[SETTLEMENT ADMINISTRATOR]
[ADDRESS]
[TELEPHONE]
FAX]
[EMAIL]

You may also complete an online Claim Form at: [INSERT ELECTRONIC OPTION]

### 7. Can Defendant Retaliate Against Me for Participating in this Lawsuit?

No. PTP will not take any adverse action against any FLSA Collective Member on the grounds that he/she is eligible to participate or does participate in the Settlement and submits a Claim Form, and shall not discourage any person from submitting a Claim Form.

### 8. Who Are The Attorneys Representing Plaintiffs and the FLSA Collective Members?

Plaintiffs and the FLSA Collective Members are represented by the following law firms:

Shanon J. Carson                    Harold Lichten

14

Sarah R. Schalman-Bergen
Alexandra K. Piazza
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: apiazza@bm.net

Olena Savytska
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Email: hlichten@llrlaw.com

David M. Blanchard
**BLANCHARD & WALKER, PLLC**
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
Email: blanchard@bwlawonline.com

### 9. Am I Responsible For Attorneys' Fees?

No. Plaintiffs' Counsel will be paid from the Gross Settlement Amount as set forth above. You do not have to pay the attorneys any additional funds. The Settlement Agreement provides that Plaintiffs' Counsel will receive one-third of the Gross Settlement Amount ($333,333.33) plus reimbursement of their out-of-pocket costs up to $15,000.

### 10. Where Can I Get More Information?

If you have questions about this Notice, please contact Plaintiffs' Counsel, Alexandra K. Piazza of Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103, Telephone: (215) 875-3033, Email: apiazza@bm.net.

Note this Notice contains a summary of the Settlement. For more detailed information, you may review the Settlement Agreement which contains the complete terms of the Settlement, which is publicly accessible and on file with the court. You may also request a copy from Plaintiffs' Counsel.

**PLEASE DO NOT CONTACT THE COURT.**

# EXHIBIT B

# CLAIM FORM

*Carey, et al. v. Physician Technology Partners, LLC*, No. 3:17-CV-00213 (S.D. Ohio)

**COMPLETE AND MAIL, FAX, OR EMAIL THIS FORM TO:**
Attn: PTP Overtime Settlement
[INSERT]
Telephone Number: _____
Facsimile Number: _____
Email Address: _____

You may also complete an online Claim Form at: [INSERT ELECTRONIC OPTION]

| | |
|---|---|
| **CLAIMANT INFORMATION:**<br>[INSERT CLAIMANT NAME AND ADDRESS] | If different than the preprinted data to the left, please print your correct legal name, current address, and Social Security Number here: |

**Telephone No.:**

**Email Address:**

**Employee ID No.:**

**TO RECEIVE A SETTLEMENT AWARD IN THIS SETTLEMENT, PLEASE SIGN AND RETURN THIS CLAIM FORM POSTMARKED BY _____, 2018.**

By signing below, I certify that I hereby consent and agree to join the above-referenced action as an Opt-In Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and I affirm my release of Physician Technology Partners, LLC ("PTP") from all local, state, and federal wage and hour claims that accrued during my work with PTP as an independent contractor between November 14, 2014 and December 24, 2015, including claims for unpaid wages, overtime, liquidated damages, penalties, interest, attorneys' fees and costs, and claims derived from the alleged failure to pay overtime wages during that period.

Date:_____

_____
Signature

_____
Print Name

*NOTE -- If your mailing address changes, you must send the Settlement Administrator your new address. It is your responsibility to keep your address on file and up-to-date with the Settlement Administrator so that you can be sure to receive your monetary Settlement Award.

Firmwide:154774940.1 095257.1001

17